UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62504-ALTMAN/STRAUSS

**CEDARWOOD CAPITAL LLC,**

    Plaintiff,
v.

**USA CAPITAL FUND LLC,**

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS MATTER came before the Court upon Plaintiff/Counterclaim-Defendant's Motion to Dismiss Defendant/Counter-Plaintiff's Counterclaim ("Motion") [DE 75], which has been referred to me for a report and recommendation [DE 84]. I have reviewed the Motion, the Response [DE 77] and Reply [DE 78] thereto, and the Counterclaim [DE 36]. For the reasons discussed herein, I respectfully **RECOMMEND** that the Motion [DE 75] be **DENIED**.

## BACKGROUND

Counter-Plaintiff, USA Capital Fund, LLC ("USA Capital"), and Counter-Defendant, Cedarwood Capital LLC ("Cedarwood"), entered into an agreement ("Contract") under which Cedarwood agreed to purchase one million gowns from USA Capital for $3,300,000 (i.e., $3.30 per gown). Counterclaim ¶ 17. Under the Contract, Cedarwood was required to pay half of the purchase price upfront and the remaining half of the purchase price upon delivery of the gowns to U.S. Customs. *Id.* ¶ 19. Although Cedarwood paid the first half of the purchase price in accordance with the Contract, it never paid the remaining half of the purchase price following delivery of the gowns to U.S. Customs. *See id.* ¶¶ 19, 23-32. Nevertheless, USA Capital sent a

"portion" of the gowns to Cedarwood's warehouse – to prove that the gowns cleared U.S. Customs. *Id.* ¶ 30. USA Capital was prepared to deliver the remaining gowns to Cedarwood upon Cedarwood's payment of the second half of the purchase price. *Id.* ¶ 32. Cedarwood accepted the "portion" of gowns delivered to its warehouse but has refused to pay the remainder of the purchase price due under the Contract. *Id.* ¶ 31-32, 40-41. Consequently, USA Capital now brings a breach of contract claim against Cedarwood.

## **LEGAL STANDARD**

At the pleading stage, a complaint must contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim for relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679)).

In considering a Rule 12(b)(6) motion to dismiss, the court's review is generally "limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (quoting *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002)). Courts must accept the factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc.*,

942 F.3d 1215, 1229 (11th Cir. 2019); *Tims v. LGE Cmty. Credit Union*, 935 F.3d 1228, 1236 (11th Cir. 2019).  But "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. Bellsouth Telecomms.*, 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citation omitted); *see also Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

## ANALYSIS

The Motion should be denied.  "For a breach of contract claim, Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009) (citing *Friedman v. New York Life Ins. Co.*, 985 So. 2d 56, 58 (Fla. 4th DCA 2008)).  In the Motion, Cedarwood argues that USA Capital's breach of contract claim should be dismissed because USA Capital does not plausibly allege damages resulting from Cedarwood's alleged breach of the Contract.[1]  According to Cedarwood, the allegations of the Counterclaim show that USA Capital benefitted – as opposed to being harmed – because USA Capital alleges that it received $1,650,000 (half of the purchase price) from Cedarwood despite providing only a "portion" of 500,000 gowns to Cedarwood.  In other words, Cedarwood contends that USA Capital's allegations show that USA Capital received an amount in excess of $3.30 (the price per gown under the Contract) for each gown that it provided to Cedarwood (given that Cedarwood

---

[1] For purposes of the Motion, Cedarwood does not dispute that USA Capital has alleged the existence of a valid contract and a material breach of the Contract.

paid half of the purchase price but received fewer than half of the gowns it ordered). Thus, Cedarwood argues that USA Capital's allegation that it was damaged is implausible.[2]

The Motion fails for several reasons. First, Cedarwood premises the Motion on the idea that USA Capital was paid for more than 500,000 gowns but delivered fewer than 500,000 gowns to Cedarwood (and thus USA Capital was left in possession of more than 500,000 gowns). However, the Counterclaim alleges that a *portion of 1,000,000 gowns* was provided to Cedarwood, not a portion of 500,000 gowns as Cedarwood asserts. *See* Counterclaim ¶¶ 17, 30. Because the Court must view the factual allegations in the light most favorable to USA Capital at this stage, the Court cannot presume that the number of gowns Cedarwood received was fewer than 500,000.

Nevertheless, and more significantly, even if the Court were to presume that Cedarwood received fewer than 500,000 gowns despite paying $1,650,000 (half of the purchase price), the Motion still easily fails because the Counterclaim, viewed in the light most favorable to USA Capital, plausibly shows that USA Capital did not receive the benefit of its bargain. Cedarwood contends that prior to any gowns and money changing hands, both parties were whole. According to Cedarwood, because USA Capital then received $1,650,000 and only parted with fewer than 500,000 gowns, USA Capital actually received more than it bargained for. That would be true if the Contract provided for the sale of 500,000 gowns for a total of $1,650,000.

However, the Contract provided for the sale of 1,000,000 gowns for $3,300,000. Thus, USA Capital has not received the benefit of its bargain given that it has not yet received the full purchase price. Significantly, as USA Capital recognizes in its Response to the Motion, "[i]t is

---

[2] To the extent that Cedarwood contends – aside from its plausibility argument on the issue of damages – that USA Capital was required to include more extensive damages allegations, none of the case law cited by Cedarwood demonstrates that more extensive damages allegations are required in a breach of contract action (at least to the extent that USA Capital is seeking general damages).

well-settled that the injured party in a breach of contract action is entitled to recover monetary damages that will put it in the same position it would have been had the other party not breached the contract." *Capitol Env't Servs., Inc. v. Earth Tech, Inc.*, 25 So. 3d 593, 596 (Fla. 1st DCA 2009) (citation omitted).[3] At the same time, the non-breaching party "can neither receive more than [it] bargained for nor be put in a better position than [it] would have been had the contract been performed." *24 Hr Air Serv.*, 322 So. 3d at 713 (Fla. 3d DCA 2021) (citation omitted) (alterations in original); *see also Verandah Dev.*, 201 So. 3d at 659 ("In restoring the injured party to the 'same position,' he 'is not entitled to be placed, because of that breach, in a position better than that which he would have occupied had the contract been performed.'" (quoting *Lindon*, 49 So.3d at 305)). But here, the Court cannot conclude, from the four corners of the Counterclaim, that USA Capital was ultimately placed in a better position than it would have been had the parties fully performed under the Contract. Rather, at this motion-to-dismiss stage, the factual allegations viewed in the light most favorable to USA Capital plausibly show that USA Capital did not receive the full benefit of its bargain. Therefore, the Motion should be denied.[4]

---

[3] *See also 24 Hr Air Serv., Inc. v. Hosanna Cmty. Baptist Church, Inc.*, 322 So. 3d 709, 713 (Fla. 3d DCA 2021) ("In a breach of contract action, 'the purpose of compensation is to restore the injured party to the condition which he would have been in had the contract been performed.'" (quoting *Campbell v. Rawls*, 381 So. 2d 744, 746 (Fla. 1st DCA 1980))); *Tubby's Customs, Inc. v. Euler*, 225 So. 3d 405, 407 (Fla. 2d DCA 2017); *Verandah Dev., LLC v. Gualtieri*, 201 So. 3d 654, 659 (Fla. 2d DCA 2016); *Lindon v. Dalton Hotel Corp.*, 49 So. 3d 299, 305-06 (Fla. 5th DCA 2010); *Citibank, N.A. v. Julien J. Studley, Inc.*, 580 So. 2d 784, 786 (Fla. 3d DCA 1991) ("In a breach of contract action, where a party affirms the existence of a contract, the standard measure of damages is the benefit of the bargain." (citations omitted)); *Rector v. Larson's Marine, Inc.*, 479 So. 2d 783, 785 (Fla. 2d DCA 1985); *BGW Design Ltd., Inc. v. Serv. Am. Corp.*, No. 10-20730-CIV, 2011 WL 13220382, at *8 (S.D. Fla. Nov. 30, 2011) ("Under Florida law, a non-breaching party in a breach of contract action is entitled to benefit-of-the-bargain damages, i.e., damages that would place the non-breaching party in the condition it would have been had the contract been performed and the breach not occurred." (citation omitted)).

[4] The Motion also fails for an additional reason (albeit one that USA Capital did not raise in its Response). That is, if USA Capital proves that Cedarwood breached the Contract but is unable to

**CONCLUSION**

For the reasons discussed above, I respectfully **RECOMMEND** that the District Court **DENY** the Motion [DE 75].

The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Fort Lauderdale, Florida this 1st day of December 2023.

Jared M. Strauss
United States Magistrate Judge

---

show that Cedarwood's breach damaged USA Capital, USA Capital may still be entitled to an award of nominal damages. *See Walter Int'l Prods., Inc. v. Salinas*, 650 F.3d 1402, 1418 (11th Cir. 2011) ("Florida law does require an award of at least nominal damages if a breach of contract has been established." (citing *MSM Golf, L.L.C. v. Newgent*, 853 So. 2d 1086, 1087 (Fla. 5th DCA 2003))); *Inspired Cap., LLC v. Howell*, No. 3D22-1220, 2023 WL 4919501, at *3-4 (Fla. 3d DCA Aug. 2, 2023); *Am. Sales & Mgmt. Org. LLC v. Lopez*, No. 3D20-563, 2023 WL 2589788, at *6 n.5 (Fla. 3d DCA Mar. 22, 2023); *Land & Sea Petroleum Holdings, Inc. v. Leavitt*, 321 So. 3d 810, 817 (Fla. 4th DCA 2021) ("A nominal damages award is appropriate when there is a breach of contract . . . ." (citations omitted)); *Deauville Hotel Mgmt., LLC v. Ward*, 219 So. 3d 949, 956 n.3 (Fla. 3d DCA 2017); *Alhassid v. Bank of Am., N.A.*, No. 14-CIV-20484, 2015 WL 11216721, at *5 (S.D. Fla. Sept. 14, 2015); *Swipe for Life, LLC v. XM Labs, LCC*, No. 10-22337-CIV, 2012 WL 1289726, at *5 (S.D. Fla. Apr. 16, 2012); *BGW Design*, 2011 WL 13220382, at *8; *E-Z Pack Mfg., LLC v. RDK Truck Sales & Serv., Inc.*, No. 8:10-CV-1870-T-27AEP, 2011 WL 4343790, at *4 (M.D. Fla. Aug. 10, 2011), *report and recommendation adopted*, 2011 WL 3841631 (M.D. Fla. Aug. 30, 2011).