UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-cv-62504-ALTMAN

**CEDARWOOD CAPITAL LLC**,

    *Plaintiff*,

v.

**USA CAPITAL FUND LLC**,

    *Defendant*.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

On May 19, 2023, the Plaintiff / Counter-Defendant, Cedarwood Capital LLC, filed a Motion to Dismiss the Defendant/Counter-Plaintiff's Counterclaim (the "Motion to Dismiss") [ECF No. 75]. On December 1, 2023, Magistrate Judge Jared M. Strauss issued a report and recommendation, in which he recommended that we deny the Motion to Dismiss. *See* Report and Recommendation (the "R&R") [ECF No. 85] at 1. Magistrate Judge Strauss also issued the following warning:

> The parties will have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Roy K. Altman, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

*Id.* at 6. More than fourteen days have passed, and neither side has objected. *See generally* Docket.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although

Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress's intent was to require *de novo* review only where objections have been properly filed—and not, as here, when no party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Having reviewed the R&R, the record, and the applicable law—and finding no clear error on the face of the R&R—we hereby **ORDER and ADJUDGE** as follows:

1. The Report and Recommendation [ECF No. 85] is **ACCEPTED and ADOPTED** in full.

2. The Plaintiff / Counter-Defendant's Motion to Dismiss [ECF No. 75] is **DENIED**.

3. By January 22, 2024, the Plaintiff / Counter-Defendant shall file its Answer and Affirmative Defenses to the Defendant / Counter-Plaintiff's Counterclaim [ECF No. 36].

**DONE AND ORDERED** in the Southern District of Florida on December 16, 2023.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record